IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION |
| v. | ) FILE NO. 1:17-cv-01112-WSD ) |
| PTAV, INC., RJV CORP., P.M. and D.M. | ) ) ) |
| Defendants. | ) |

**CROSS CLAIMANT RJV CORP.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

In its initial Motion for Summary Judgment and Brief in Support, Cross Claimant RJV demonstrated that PTAV has a duty to defend and indemnify RJV in the underlying lawsuit, because the allegations in the underlying lawsuit arise out of and have a causal relationship to PTAV's occupation and use of the premises. (Doc. 38-2). PTAV filed its response, and essentially has asserted that because the alleged abduction did not occur within the confines of the "Premises" as defined by the Lease Agreement, that it is absolved of any responsibility to defend or indemnify. [Doc. 42, *generally*]. PTAV's narrow interpretation of the term "arising out of" is in contravention of the case law and the facts as alleged in the underlying

lawsuit. The law and the facts manifestly support the finding that the alleged torts arose out of PTAV's use of the premises. RJV again respectfully requests that this Court grant summary judgment in its favor as to its cross claim, and declare that PTAV has a duty to defend RJV with respect to the Underlying Lawsuit.

## II. PTAV'S STATEMENT OF FACTS

Although PTAV correctly *outlines* some of the pertinent portions of the Lease Agreement in its Response, it focuses on the wrong portions of the agreement. [Doc. 42, pp. 2-4]. Specifically, one irrelevant fact is that RJV is required to maintain the common paved parking areas and common paved driveways. This is not an issue in this case, as maintenance of common grounds has nothing to do with the alleged tort[1].

PTAV correctly cites to Paragraph 9 of the Lease Agreement, which requires PTAV to indemnify and defend RJV in certain situations, and states in pertinent part:

> "Lessee shall indemnify and hold harmless Lessor from and against *any and all losses, damages, liabilities and claims occasioned by, and arising or resulting from or growing out of Lessee's use of the premises, or from the conduct of Lessee's business, or from any activity, work or things done, permitted or suffered by the lessee in or about the leased premises*…. In case of any action or proceeding be

---

[1] Note that it is uncontroverted by PTAV that the ingress/egress or "paved driveway" where P.M. was allegedly abducted is not included in the definition of "Premises" nor the common areas contemplated by the lease. [Doc. 44, ¶ 3; PTAV SAMF, ¶ 3]. As such, that location is irrelevant to this Motion and RJV's cross-claim.

2

> brought against Lessor by reason of any such claim, Lessee, upon notice from Lessor, shall defend the same at Lessee's expense by counsel satisfactory to Lessor.
>
> Lessee agrees that Lessee, as material part of the consideration to Lessor, assumes all risk of damage to property or injury to persons, in or about the Premises and that the Lessor shall not be liable for injury to…invitees, or customers…"

[Doc. 11, Ex. A, ¶ 9; Doc. 42, p. 3-4]; (RJV's SMF 4), *emphasis added*.

Paragraph 9 of the Lease Agreement also requires that Ptav purchase and maintain general liability insurance, specifically stating:

> "Lessee shall, during the term of this Lease, procure at its expense and keep in in force the following insurance: Commercial general liability insurance naming the Lessor as an additional insured against any and all claims for bodily injury and property damage occurring in, upon or about the Premises arising out of Lessee's use and occupancy…"

[Doc. 11, Ex. A, ¶ 9] (RJV's SMF 5).

While the remainder of PTAV's factual recount is accurate, it is not complete, and focuses solely on the location of the alleged abduction, ignoring the additional allegations that P.M. was a patron of Red Martini (the business operated by PTAV) immediately prior to her abduction, that she believes she was drugged prior to her abduction, and that she conversed with certain employees of Red Martini on April 3, 2015 prior to her abduction. [Doc. 35-1, ¶A(2); Doc. 35-4 Ex. 3; and P.M.'s Resp. to PTAV First Rog. in the underlying lawsuit, attached hereto

3

as Ex. A[2] ¶¶ 21, 22, 27]. The assertions made by P.M. in the underlying lawsuit clearly allege that she was a patron of Red Martini, and that she was on the premises and was in the location of the alleged abduction as a result of her patronage of Red Martini.

### III.     ARGUMENT AND CITATION TO AUTHORITY

#### A. Adjudication of the Indemnification Provision

RJV concedes that the adjudication of PTAV's duty to indemnify may be premature, as liability has not been declared in the underlying action. However, RJV contends that the arguments presented in reply to PTAV's Response are applicable to the hold harmless agreement as a whole and to the duty to defend. Additionally, the substantive arguments made by PTAV under Paragraph B of its response are an improper application of the facts of this case to the appropriate law, and in an abundance of caution RJV has briefly responded to each of PTAV's arguments related to indemnity below.

#### B. PTAV Has a Clear Duty to Indemnify

   1. <u>The Lease's Indemnity Provision Clearly Applies to the Alleged Loss.</u>

---

[2] These discovery responses were included in the document production provided by P.M. in this declaratory judgment action, which totaled over 3,000 pages. In the interest of efficiency, RJV has only attached the complete set of Interrogatory Responses as an exhibit to this brief.

PTAV asserts that a "plain reading of the indemnification provision in the lease demonstrates that the provision does not apply to the alleged loss in the underlying action pending in state court." [Doc. 42. p. 7]. In support of this statement, PTAV relies solely on the fact that the parking lot/driveway where the underlying incident originated was not included in the definition of the "Premises" as defined by the lease. [Id.]. PTAV then argues that because it had no control over that location, the incident is not sufficient to trigger a duty to indemnify RJV, and that "such a reading of the contract would expose PTAV to limitless liability for all acts that occur near the Premises with even a tenuous connection to PTAV." [Id.] However, as cited above, there is much more than a "tenuous connection" to PTAV in the underlying lawsuit. P.M. specifically alleges that she was a patron of the bar prior to the abduction, that she believes she was drugged in that same time period, and that she had conversations with employees of the bar during that time period. [Ex. A, ¶¶ 21, 22, 27]. This clearly creates a causal connection or relationship between the patronage of the bar and the resulting alleged abduction.

The language of the duty to indemnify is given broad construction by Georgia courts. Specifically, the language "arising out of"[3] in an indemnification provision like the one in the Lease Agreement at issue here, means "almost any causal

---

[3] The Lease Agreement uses very similar language: "arising or resulting from or growing out of Lessee's use of the premises, or from the conduct of Lessee's business…"

5

connection or relationship." *BBL-McCarthy*, 285 Ga. App. at 501. In fact, the Court of Appeals has held that:

> [u]nder Georgia law pertaining to indemnity provisions, arising out of [means] had its origins in, grew out of, or flowed from. Importantly, the term arising out of does not mean proximate cause in the strict legal sense, nor [does it] require a finding that the injury was directly and proximately caused by the insured's actions. *Almost any causal connection or relationship will do*.

*JNJ Foundation Specialists, Inc. v. D.R. Horton, Inc.*, 311 Ga. App. 269, 270-71 (2011) *emphasis added*. In the present case, P.M.'s allegations are more than enough to create such a causal connection or relationship.

2. <u>There is no evidence of "sole negligence" by RJV</u>

RJV agrees with the general statement that the Lease Agreement excludes the "sole negligence" of RJV from inclusion in the duty to indemnify and/or defend. However, PTAV does not cite to any evidence to allege that there was any independent negligence on the part of RJV. PTAV simply states that the location of the abduction was not included in the lease's definition of the Premises. PTAV does make one statement that "RJV owned and controlled all common areas including the paved driveways and parking lots.", however there is no citation to

any evidence to support this allegation, and RJV has continually denied that it owned or controlled the ingress/egress where the abduction allegedly occurred. [Doc. 42, p. 8-9]. As explained in more detail in RJV's initial brief, the sole negligence exclusion in the Lease Agreement is undisputed, and given the facts as alleged has no application in this case.

### C. PTAV has a Clear Duty to Defend RJV

As cited above, the Lease Agreement contained a "hold harmless" provision which provided that PTAV should indemnify and defend RJV in certain situations, specifically "from and against any and all losses, damages, liabilities and claims occasioned by, and arising or resulting from or growing out of Lessee's use of the premises, or from the conduct of Lessee's business…". [Doc. 11, Ex. A, ¶ 9] (RJV's SMF 4). In such situations, the provision also requires that PTAV "shall defend the same at Lessee's expense by counsel satisfactory to Lessor." (*Id.*). It is clear from this clause that the intent of the parties was to waive liability on the part of RJV in certain situations. Such a waiver of liability is permitted as long as it is not prohibited by statute. *Lanier At McEver, L.P. v. Planners And Engineers Collaborative, Inc.*, 284 Ga. 204.

As the Court is aware, the duty to defend is broader than the duty to indemnify. When a contract requires a party to provide a defense to a claim made by a third

party, that obligation arises immediately when such allegations are raised in a complaint... *Ashton Park Trace Apts.*, 2015 U.S. Dist. LEXIS 185688 at *14.  The duty to defend may be triggered even by groundless third party allegations. *Penn-America Ins. Co. v. Disabled American Veterans, Inc.*, 268 Ga. 564, 565 (1997); see also *Ashton Park Trace Apts.*, 2015 U.S. Dist. LEXIS 185688 at *13 (applying insurance law tenants to the interpretation of a duty to defend and a duty to indemnify in a construction contract)[4].  Further, a duty to defend exists if the facts as alleged in the complaint even arguably bring the occurrence within coverage under the contract. *BBL-McCarthy, LLC v. Baldwin Paving Company*, 285 Ga. App. 494, 497 (2007).

In *BBL-McCarthy* the Court of Appeals reasoned that the language "arising out of" includes claims of negligent supervision and culpable conduct. *Id.* Therefore, an indemnification provision applies to claims arising out of an indemnitor's work regardless of any specific division of fault between the indemnitor and indemnitee. *Id.* at 501. The claims in *BBL-McCarthy* arose out of the subcontractors' work, so the division of fault or actual cause of the injury did not matter for the purpose of indemnity. *Id.* at 500-01.

---

[4] PTAV contends in footnote 1 of its Response (without any citation to authority) that an indemnity contract issued in an insurance context is distinguishable from indemnity provisions found in a noninsurance contract, and as such the duty to defend should not be interpreted as broadly.   Notably, the *Ashton Park* case applied insurance law to the provisions of a construction contract, in contravention of PTAV's unsupported contention.

8

Similarly, in this case, the parties contracted to include indemnification for claims "occasioned by, and *arising or resulting from or growing out of* Lessee's use of the premises… *in or about the leased premises*." [Doc. 11, Ex. A, ¶ 9] (RJV's SMF 4).  It is clear from the allegations in the Underlying Complaint that the claims in the Underlying Lawsuit arise out of PTAV's use of the premises as a bar at which P.M. was a patron, and even if the underlying abduction occurred off the specified Premises, it was still in or about the leased premises.  Similar to, but even more broad than the argument above regarding the duty to indemnify, P.M.'s allegations in the underlying lawsuit clearly trigger the duty to defend in this matter, and the hold harmless clause is fully applicable in this case.  PTAV argues that "if the claim against RJV did not arise out of PTAV's use of the Premises as a restaurant and/or nightclub, there is no duty to defend RJV." [Doc. 42, p. 10]. However, as made abundantly clear above, the claim did arise out of the use of the Premises as a restaurant or nightclub where P.M. was a patron and was allegedly drugged, and clearly triggers the duty to defend. [Ex. A, ¶¶ 21, 22, 27].  While these allegations made by P.M. have certainly not been proven yet, the duty to defend may be triggered even by groundless third party allegations. *Penn-America Ins. Co. v. Disabled American Veterans, Inc.*, 268 Ga. 564, 565 (1997).

## IV. CONCLUSION

For the reasons stated herein, RJV respectfully requests that this Court grant its Motion for Summary Judgment, and enter a declaration that PTAV owes a duty to defend a RJV with regard to the liability claims in the Underlying Lawsuit.

Respectfully submitted, this 12th day of December, 2017.

                                                      **HALL BOOTH SMITH, P.C.**

                                                     */s/ Christopher S. Fairchild*
                                                     JOHN E. HALL
                                                     Georgia Bar Number 319090
                                                   MARK W. WORTHAM
                                                   Georgia Bar Number 777065
                                                   mwortham@hallboothsmith.com
                                                   CHRISTOPHER S. FAIRCHILD
                                                   Georgia Bar Number 212354
                                                   cfairchild@hallboothsmith.com
                                                   *Attorneys for Defendant RJV Corp.*

191 Peachtree Street, Suite 2900
Atlanta, Georgia  30303
(404) 954-5000 Phone
(404) 954-5020 Fax

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing Brief in Support of Motion for Summary Judgment has been prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

This 12th day of December, 2017.

           **H**ALL **B**OOTH **S**MITH**, P.C.**

           */s/ Christopher S. Fairchild*
           CHRISTOPHER S. FAIRCHILD
           Georgia Bar Number 212354
           cfairchild@hallboothsmith.com
           *Attorney for Defendant RJV Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION |
| v. | ) FILE NO. 1:17-cv-01112-WSD ) |
| PTAV, INC., RJV CORP., P.M. and D.M. | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Pamela Newsom Lee<br>Jonathan J. Kandel<br>SWIFT CURRIE McGHEE & HIERS, LLP<br>The Peachtree, Suite 300<br>1355 Peachtree Street, N.E.<br>Atlanta, Georgia 30309-3231<br>pamela.lee@swiftcurrie.com<br>*Counsel for Plaintiff* | Joshua Wood<br>M. Allen Holcomb<br>Clare T. Zhang<br>Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>3344 Peachtree Road, N.E.<br>Suite 2400<br>Atlanta, GA  30326<br>*Counsel for Defendants P.M. and D.M.* |

| | |
|---|---|
| Mark E. Murray | Sun S. Choy |
| The Murray Law Firm, LLC | Sara E. Brochstein |
| 2233 Peachtree Road | Freeman, Mathis & Gary, LLP |
| The Astoria 306 | 100 Galleria Parkway, Suite 1600 |
| Atlanta, GA 30309 | Atlanta, GA 30339 |
| *Counsel for Plaintiff* | *Attorneys for PTAV, Inc. (in relation to crossclaim)* |

This 12th day of December, 2017.

**HALL BOOTH SMITH, P.C.**

*/s/ Christopher S. Fairchild*
JOHN E. HALL
Georgia Bar Number 319090
MARK W. WORTHAM
Georgia Bar Number 777065
mwortham@hallboothsmith.com
CHRISTOPHER S. FAIRCHILD
Georgia Bar Number 212354
cfairchild@hallboothsmith.com
*Attorneys for Defendant RJV Corp.*

191 Peachtree Street, Suite 2900
Atlanta, Georgia  30303
(404) 954-5000 Phone
(404) 954-5020 Fax